**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5330-17T1

IN RE THE DISCIPLINARY
ACTION OF MERRITT CARR.

_____

Argued August 13, 2019 – Decided August 21, 2019

Before Judges Sumners and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4686-16.

Kyle J. Trent argued the cause for appellant Borough of Glen Ridge (Apruzzese, McDermott, Mastro & Murphy, PC, attorneys; Arthur R. Thibault, Jr., of counsel and on the brief; Kyle J. Trent, on the brief).

Joshua H. Reinitz argued the cause for respondent Merritt Carr (Iacullo Martino, LLC, attorneys; Joshua H. Reinitz and Anthony J. Iacullo, of counsel and on the brief).

PER CURIAM

The Borough of Glen Ridge appeals from the trial court's order reducing the Borough Administrator's twenty-day suspension of Merritt Carr from his position as a Borough police sergeant, following a departmental disciplinary

hearing, to a twenty-four hour suspension. The Borough argues the "trial court failed to consider or address" certain charges leveled against Carr or "to consider his guilt on those charges when assessing the penalty"; and "failed to provide analysis as to the basis for" reducing the penalty. We agree and remand this matter, once again, to the Law Division.

We previously remanded this case to the trial court because in its prior decision finding the Borough proved "by a preponderance of the evidence that . . . Carr neglected his duty, failed to perform duties, failed to supervise a subordinate officer, and engaged in conduct unbecoming a public employee," it did not correlate its findings to the elements of each charge and analyze whether the substantiated charges warranted the twenty-day suspension which the trial court then upheld. In re Disciplinary Action of Carr, No. A-3987-16 (App. Div. May 4, 2018).

The preliminary notice of disciplinary action (PNDA) listed both the departmental and statutory charges lodged against Carr:

> 1. DEPARTMENTAL RULES AND REGULATIONS:
>
> a. 2.32.140W Violation of rules 3:7F & 3:8B-3[1]

---

[1] The charge set forth in section 2.32.140W specifically provides: "Violating any of the rules and regulations governing the department or any administrative

b. 2.32.140M Neglect of Duty
c. 2.32.140J Incompetency

2. VIOLATION OF N.J.S.A. 40A:14-147

a. Conduct Unbecoming a Public Employee;
b. Neglect of Duty;
c. Failure to Supervise; and
d. Failure to Perform Duties.

---

rule or regulation promulgated by the public safety committee or the mayor and council." Departmental Rule 3:7F provides:

> ASSISTING SUBORDINATES. A SUPERVISORY OFFICER SHALL HAVE A WORKING KNOWLEDGE OF THE DUTIES AND RESPONSIBILITIES OF HIS SUBORDINATES. HE SHALL OBSERVE CONTACTS MADE WITH THE PUBLIC BY HIS SUBORDINATES AND BE AVAILABLE FOR ASSISTANCE OR INSTRUCTION AS MAY BE REQUIRED. A FIELD SUPERVISORY OFFICER SHALL RESPOND TO CALLS OF SERIOUS EMERGENCIES, FELONIES IN PROGRESS, ASSAULTS AND OTHERS, UNLESS ACTIVELY ENGAGED IN A POLICE INCIDENT. HE SHOULD OBSERVE THE CONDUCT OF THE ASSIGNED PERSONNEL AND TAKE ACTIVE CHARGE WHEN NECESSARY.

Departmental Rule 3:8B-3 provides the squad sergeant's responsibilities include: "DIRECT[ING] SUBORDINATES IN THE PROPER PERFORMANCE OF THEIR DUTIES AND ENSUR[ING] THAT THEY ARE PROPERLY OBEYING AND CARRYING OUT CURRENT POLICIES AND PROCEDURES."

A-5330-17T1

In its oral decision after remand, the trial court concluded Carr violated Departmental Rules 3:7F and 3:8B-3. The court found Carr, as sergeant, ordered an officer who had never done so without accompaniment, to take a statement from a domestic violence victim and prepare a concomitant report. Despite knowing the officer's level of inexperience, Carr watched a football game on a break-room television instead of directly observing the officer's actions or correcting the many errors the officer made in taking the victim's statement thus violating Departmental Rule 3:7F. The court also concluded Carr violated Departmental Rule 3:8B-3 based on numerous errors committed in the preparation of a temporary restraining order (TRO): "boxes . . . checked that [should not] have been" and provisions granting possession of a Pennsylvania residence to the victim and a search warrant of another Pennsylvania residence – despite Carr being advised by a municipal court judge that provisions concerning properties outside the jurisdiction of New Jersey courts should not be included in the TRO. Further evidence of that violation included the failure to: address the elements of terroristic threats, the predicate offense for the TRO, in the victim's statement; collect, or even mention in the report, text messages possessed by the victim evidencing the predicate offense; mention in the report the search warrant for weapons, a police-department computer-database check

4

of the domestic violence suspect, and Carr's actions in connection with the investigation. The trial court did not find sufficient evidence that proved the incompetency charge under Regulation 2.32.140J.[2] We find no reason to disturb those findings which are supported by substantial, credible evidence in the record. In re Disciplinary Procedures of Phillips, 117 N.J. 567, 581 (1990)

In its remand decision, the trial court did not address the charged neglect of duty violation under Regulation 2.32.140M and the four statutory charges under N.J.S.A. 40A:14-147: conduct unbecoming a public employee, neglect of duty, failure to supervise and failure to perform duties. Although the court, in its first decision, determined Carr "neglected his duty, failed to perform duties, failed to supervise a subordinate officer, and engaged in conduct unbecoming a public employee," In re Disciplinary Action of Carr, slip op. at 2-3, it did not incorporate those findings, and explain them, in the remand decision.

We recognize that many of the trial court's current findings could well support a determination that Carr violated the provisions the trial court did not address. It is the role of the trial court, however, to conduct a de novo review of the proceedings before the original tribunal – here, the Borough Administrator

---

[2] The court not only considered the incompetency charge that was set forth in the PNDA, but the other portions of the regulation not set forth therein: "lack of energy and incapacity, mental or physical."

A-5330-17T1

– "to ensure that a neutral, unbiased forum will review disciplinary convictions." Phillips, 117 N.J. at 580. Our role in reviewing that de novo proceeding is limited. Id. at 579. Our "function on appeal is not to make new factual findings but simply to decide whether there was adequate evidence before the [] [c]ourt to justify its finding of guilt." Ibid. (first alteration in original) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). Therefore, "unless the appellate tribunal finds that the decision below was 'arbitrary, capricious or unreasonable' or '[un]supported by substantial credible evidence in the record as a whole,' the de novo findings should not be disturbed." Ibid. (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

We are thus compelled to remand this matter to the trial court for its consideration of the unaddressed charges. We decline to exercise original jurisdiction because further fact-finding must be completed. Price v. Himeji, LLC, 214 N.J. 263, 294 (2013). We also reject Carr's argument that the trial court's failure to address those charges infers that they "did not merit discussion and should be deemed dismissed." As we explained in our prior decision on this matter, "Rule 1:7-4(a) requires a court to not only find facts, but to 'state its conclusions of law thereon.'" In re Disciplinary Action of Carr, slip op. at 3 (quoting R. 1:7-4(a)). Further, it would be inappropriate to infer what the trial

6

court found from a barren record, especially considering its prior uncorrelated finding that Carr violated the now-unaddressed regulatory and statutory charges.

If any or all of those unaddressed charges are deemed proved by the trial court, it should assess the penalty in light of those found violations and explain its reasons – much as it did, contrary to the Borough's argument, in its oral remand decision – so an appellate court would be able to determine "whether the 'punishment is so disproportionate to the offense, in the light of all of the circumstances, as to be shocking to one's sense of fairness,'" In re Stallworth, 208 N.J. 182, 195 (2011) (quoting In re Carter, 191 N.J. 474, 484 (2007)).  The trial court should recognize that on de novo review, a court may "alter a sanction imposed by an administrative agency only 'when necessary to bring the agency's action into conformity with its delegated authority.  The [c]ourt has no power to act independently as an administrative tribunal or to substitute its judgment for that of the agency.'"  In re Herrmann, 192 N.J. 19, 28 (2007) (quoting In re Polk, 90 N.J. 550, 578 (1982)).  Our Supreme Court has "cautioned, courts should take care not to substitute their own views of whether a particular penalty is correct for those of the body charged with making that decision."  Carter, 191 N.J. at 486.  Of course, the trial court should well-explain any deviation from its prior decision.

Remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5330-17T1